LEXSEE 1990 MINN. APP. LEXIS 922

**RING Computer Systems, Inc., Appellant, v. ParaData Computer Networks, Inc., et al., Respondents**

No. C4-90-889

Court of Appeals of Minnesota

*1990 Minn. App. LEXIS 922*

September 10, 1990, Decided
September 18, 1990, Filed

**NOTICE:** [*1] THIS OPINION WILL BE UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINNESOTA STATUTES.

**PRIOR HISTORY:** Appeal from District Court, Hennepin County; Hon. Peter J. Lindberg, Judge.

**DISPOSITION:** Affirmed.

**COUNSEL:** Elmer B. Trousdale, John M. Stoxen, Kevin M. Connelly, Oppenheimer, Wolff & Donnelly, St. Paul, Minnesota, for Appellant.

**JUDGES:** Considered and decided by Foley, Presiding Judge, Kalitowski, Judge, and John F. Thoreen, Judge. *

> *   Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

**OPINION BY:** THOREEN

**OPINION**

UNPUBLISHED OPINION

Appellant RING Computer Systems, Inc. (RING) challenges the trial courts summary judgment with respect to their claims of breach of contract, misappropriation of trade secrets and tortious interference with a contract. We affirm.

FACTS

RING filed this action in 1987 against respondent ParaData Computer Networks, Inc. (ParaData) and five ParaData employees who were formerly employed by RING. RING subsequently dismissed with prejudice all claims against three of the individual defendants leaving claims against ParaData and individual respondents James D. Kruse and David E. Ksiazkiewicz. RING's claims are that: (1) Kruse and Ksiazkiewicz [*2] violated noncompetition agreements contained in their contracts with RING (Count I); (2) ParaData, Kruse and Ksiazkiewicz all misappropriated trade secrets (Counts II and III); and (3) ParaData tortiously interfered with Kruse and Ksiazkiewicz's employment contracts with RING (Count IV). Following the close of discovery, respondents brought a motion for summary judgment which the trial court granted. [1]

> 1   After the submission of appellate briefs, appellant filed a motion to strike the second sentence of footnote five of respondents' brief. This court granted the motion at oral argument based on respondent's stipulation.

DECISION

I.

RING first argues that the trial court erred in granting respondents' summary judgment motion because the restrictive covenant in the Kruse employment agreement was valid and enforceable. The trial court found as a matter of law that the Kruse employment agreement was unenforceable as a covenant not to compete because it lacked any geographical limitation. The trial court must grant summary [*3] judgment if "either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On review, "[t]his court need not defer to the trial court on issues of law." *Kosbau v. Dress*, 400 N.W.2d 106, 108 (Minn. App. 1987).

A restraint is valid only if it is reasonable in time and geographic scope. *See Bennett v. Storz Broadcasting Co.*, 270 Minn. 525, 534, 134 N.W.2d 892, 899 (1965). In determining whether a covenant is reasonable, Minnesota courts have looked to see whether the covenant was

bounded by temporal or territorial limitations. *See Bess v. Bothman*, 257 N.W.2d 791, 794 (Minn. 1977); *Harris v. Bolin*, 310 Minn. 391, 395, 247 N.W.2d 600, 603 (1976); *Bellboy Seafood Corp. v. Nathanson*, 410 N.W.2d 349, 352 (Minn. App. 1987). The noncompete clause in Kruse's employment agreement had a time restriction of one year but had no geographical limitation. Because Minnesota case law is clear that a covenant not to compete must have both a time and a geographic restriction to be reasonable, the trial court properly held the covenant not to compete to be unenforceable [*4] against Kruse.

RING argues that prior to Kruse's signing the agreement, RING and Kruse orally agreed to define the term "Financial Market" in the contract with reference to the United States as a geographical limitation.

Though not discussed in his memorandum, it is implicit that the trial court ruled the parole evidence offered by RING to prove this claim inadmissible. We agree. The Kruse contract drafted by RING specifically defines the term "Financial Market" and makes no mention of the United States. Thus RING seeks to *add* rather than *define* a term. *Anderson v. Kammeier* 262 N.W.2d 366 (Minn. 1977), relied upon by RING, does not support its position. In that case the court allowed parole evidence to determine whether a contract was entire or divisible not to add a term or condition to a written contract.

Appellant also argues that the trial court erred in failing to modify and enforce Kruse's employment contract to the extent reasonable under the particular facts of the case. Under the "blue pencil doctrine" a court can take an overly broad restriction and enforce it to the extent that it is reasonable. *See Davies & Davies Agency, Inc. v. Davies*, 298 N.W.2d 127, 131 n.1 (Minn. 1980). [*5] "While it is certainly within the power of the trial court to modify * * * [a] contract, no cases say that a court must do so." *Klick v. Crosstown State Bank*, 372 N.W.2d 85 88 (Minn. App. 1985). Therefore, the trial court did not abuse its discretion in declining to modify the parties' agreement. On appeal, this court cannot disturb this discretionary ruling by the trial court except for clear abuse of discretion. *Id. at 88-89*.

The trial court also held as a matter of law that the Ksiazkiewicz nondisclosure agreement was unenforceable as a covenant not to compete because it lacked any temporal or geographic limitations. Because this agreement contained neither a temporal or geographic restriction, the trial court properly granted summary judgment.

II.

Appellant further argues that the trial court erred in dismissing RING's claims for misappropriation of confidential information and trade secrets (hereinafter trade secrets). The trial court shall grant summary judgment if "there is no genuine issue as to any material fact." Minn. R. Civ. P. 56.03. On review, this court must apply the same standard. *See Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn. 1989). [*6]

The Uniform Trade Secrets Act protects certain types of information through an action for misappropriation. *See Minn. Stat. § 325C.01-325C.08* (1988). Misappropriation is defined as improper acquisition, disclosure, or use of a "trade secret." *Minn. Stat. § 325C.01, subd. 3*. "Without a proven trade secret there can be no action for misappropriation * * *." *Electro-Craft Corp. v. Controlled Motion, Inc*, 332 N.W.2d 890, 897 (Minn. 1983). To be a trade secret the information must: (1) not be generally known or readily ascertainable; (2) provide a competitive advantage; (3) have been developed at employer's expense; and (4) be the subject of employer's intent to keep it confidential. *Cherne Indus. Inc. v. Grounds & Assocs., Inc.*, 278 N.W.2d 81, 90 (Minn. 1979).

The trial court found that Ring's misappropriation claim failed because: (1) RING's alleged trade secrets are not confidential; (2) RING failed to identify its alleged trade secrets with specificity; and (3) RING failed to take reasonable security measures to protect its alleged trade secrets and proprietary information.

In applying the test set out in *Cherne*, appellant fails to meet [*7] its burden of proving the existence of any trade secrets on two grounds. First, appellant presented no evidence that the information Kruse had was unique to RING Computer Systems or that this same information was not readily ascertainable. Second, RING failed to present any evidence that it made reasonable efforts to maintain secrecy. RING argues that the nondisclosure provisions in Kruse's contract satisfied the secrecy prong of the *Cherne* test. But Kruse's signing of a confidentiality agreement, without more, is not enough. *See Electro-Craft Corp.*, 332 N.W.2d at 901-02. Without any evidence that Ring tried to protect the information from discovery by outsiders or that RING had certain procedures by which it told its employees that certain information was secret, appellant failed to meet its burden of showing the existence of trade secrets. Therefore, the trial court properly granted summary judgment as to this issue.

III.

Appellant finally argues that the trial court erred in granting summary judgment on RING's claim of tortious interference with contract because the ruling was based on an erroneous finding that the restrictive covenants were unenforceable. [*8] Because the trial court correctly ruled that the restrictive covenants were unen-

1990 Minn. App. LEXIS 922, *

forceable as a matter of law, appellant's claim of tortious interference also fails.

Affirmed.