# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Terri L. Chase
Attorney at Law
tchase@mwe.com
212.547.5360

October 9, 2007

*[Handwritten note: The request is denied, without prejudice to renewal by a proper motion, or agreed dates. 10-10-07 /s/ AKH]*

BY FACSIMILE

The Honorable Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1050
New York, New York 10007

Re: Eisner v. Walleye Trading Advisors, LLC, No. 07 Civ. 7837

Dear Judge Hellerstein:

We represent the plaintiff, Daniel Eisner ("Eisner"), in the above-referenced matter. We write to respectfully request that this Court set an expedited briefing schedule on the motion for preliminary injunction that Eisner has filed today. Additionally, we are respectfully requesting an expedited schedule for the entire action, which we would like to address at a conference with the Court at your earliest convenience.

By way of background, as a condition of his employment with Walleye Trading Advisors, LLC ("Walleye"), Eisner entered into an agreement that contained post-employment restrictions, including an unreasonably broad two-year non-compete provision (the "Non-Compete"). While engaged by Walleye, Eisner worked as an information technology employee focused on systems issues related to computer infrastructure, such as where to locate computers and providing adequate server space to those employees working on Walleye's trading programs. Eisner did not interact with customers and was not involved in developing or programming anything that could be considered confidential and proprietary, such as Walleye's trading programs. In performing his duties for Walleye, Eisner utilized only publicly-available information and skills he had developed prior to joining Walleye. Accordingly, under applicable law, the Non-Compete is unenforceable to prevent Eisner from working for any other entity. Following his resignation from Walleye, Eisner informed Walleye of his intent to work for D. E. Shaw & Co., L.P. ("Shaw") as a Systems Administrator. Thereafter, on August 3, 2007, Walleye informed Eisner that it would consider Eisner's employment with Shaw a violation of the Non-Compete.

In the weeks thereafter, we attempted to discuss possible resolutions of this matter with Walleye's outside counsel at the law firm of Parsinen, Kaplan Rosberg & Gotlieb, P.A. and Eisner deferred his scheduled August 13, 2007 start date with Shaw. However, after explaining our position, the Parsinen firm informed us that their client was unwilling to entertain any resolution that would

allow Eisner to work for D. E. Shaw in any capacity for two years. Left with no other viable alternative, Eisner filed this action, and then served Walleye on September 6, 2007. On September 12, 2007, David Gotlieb of the Parsinen firm told me that he would be meeting with his client to discuss the allegations and promised to call to discuss his client's position on September 17 or 18, 2007. We deferred moving for expedited relief in hopes of resolving this matter, and phoned Mr. Gotlieb repeatedly for an update. On September 21, 2007, I was contacted by Harry Lipman of Rottenberg Lipman Rich, P.C., who informed me that he was Walleye's New York counsel. Thereafter, Mr. Lipman sought, we opposed (for the reasons stated above), and the Court granted an extension of time to respond to the complaint.

Instead of using the time granted by this Court to prepare a response to the complaint in this action, Walleye's counsel at the Parsinen firm prepared and filed an action against Eisner and Shaw in the United States District Court for the District of Minnesota (the "Minnesota Action"). Specifically, on September 27, 2007 (three weeks after being served with the complaint in this action), Walleye filed the Minnesota Action, seeking to prevent Eisner from working for Shaw and seeking damages for Shaw's offering employment to Eisner. Walleye's claims in the Minnesota Action are based on precisely the same set of operative facts that are at issue in this litigation. Not only does such an action show a blatant disregard for this Court's jurisdiction over the first-pending action, but it also demonstrates that Walleye had counsel sufficiently familiar with the operative facts such that its counsel could have prepared a timely answer in this action. For present purposes – including the Court's scheduling of an expedited briefing schedule in this action – the actions of Walleye's counsel also clearly demonstrate that Walleye's counsel is sufficiently familiar with the facts such that Walleye can prepare a response to Eisner's motion for preliminary injunction on an expedited basis.

At this juncture, Eisner has filed a motion for preliminary injunction because being forced to sit on the sidelines in the fast-changing information technology and systems field will irreparably damage his career. Walleye's decision to file the Minnesota Action serves only to delay resolution of this matter, waste judicial resources and drive up the legal fees for all parties. In order to provide redress for the harms to Eisner's career and to put an end to Walleye's efforts to delay a judicial determination, we respectfully request that this Court set an expedited briefing schedule for the preliminary injunction motion. More specifically, we respectfully request that: (i) Walleye be provided only one week, or until October 16, 2007, to serve opposition papers; (ii) Eisner be afforded the opportunity forgo filing a reply brief and to raise any rebuttal arguments at oral argument; and (iii) the Court schedule oral argument on this motion at its earliest convenience following the service of the opposition papers. Additionally, we request that the Court address Eisner's request for an expedited schedule for the entirety of this action at that oral argument session.

Hon. Alvin Hellerstein
October 9, 2007
Page 3

We thank you in advance for your consideration of these requests.

Respectfully submitted,

*Terri Chase*

Terri L. Chase

cc:   Harry Lipman, Esq. (via facsimile)

NYK 1125582-1.042771.0039