ROTTENBERG LIPMAN RICH, P.C.
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
Harry W. Lipman (HL 4207)
Thomas E. Chase (TC 8266)
Attorneys for Defendant, Walleye Trading Advisors, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DANIEL EISNER,

             Plaintiff,

    -against-

WALLEYE TRADING ADVISORS, LLC

             Defendant.

------------------------------------------------------------------ X

:  07 CIV 7837 (AKH)

:  ANSWER

:  [Trial by Jury Demanded]

        Defendant Walleye Trading Advisors, LLC ("Walleye Trading Trading"), by its attorneys Rottenberg Lipman Rich, P.C., for its Answer to the Complaint of Plaintiff Daniel Eisner ("Eisner"), alleges as follows:

Nature of the Action

        1.     Walleye Trading denies the allegations set forth in paragraph 1 of the Complaint except admits that, on or about June 22, 2005, Eisner entered into an agreement with Walleye Trading entitled "Confidential Employment, Non-Competition, Non-Solicitation, and Non-Disclosure Agreement" (the "Agreement"), and refers the Court to the Agreement for the terms and conditions thereof.

        2.     Walleye Trading denies the allegations set forth in paragraph 2 of the Complaint.

  3. Walleye Trading denies the allegations set forth in paragraph 3 of the Complaint.

### Parties

  4. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 of the Complaint.

  5. Walleye Trading admits the allegations of paragraph 5 of the Complaint.

### Jurisdiction and Venue

  6. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 6 of the Complaint.

  7. Walleye Trading denies the allegations set forth in paragraph 7 of the Complaint.

### Facts

  8. Walleye Trading denies that Eisner has developed considerable expertise and skill in the area of IT for the financial services industry, except through his employment at Walleye Trading, and Walleye Trading otherwise does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 8 of the Complaint.

  9. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of the Complaint.

10. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 10 of the Complaint.

11. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 11 of the Complaint.

12. Walleye Trading denies the allegations set forth in paragraph 12 of the Complaint except admits that Walleye Trading is a Minnesota-based financial services company.

13. Walleye Trading denies that Eisner was contacted by a recruiter about a Chief Technologist position with Walleye Trading, and Walleye Trading otherwise does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Complaint.

14. Walleye Trading denies the allegations set forth in paragraph 14 of the Complaint except admits that in 2005 Eisner began working for Walleye Trading in a position in information technology.

15. Walleye Trading denies the allegations set forth in paragraph 15 of the Complaint except admits that the Agreement contains the quoted provision, and Walleye Trading otherwise refers the Court to the Agreement for the terms and conditions thereof.

16. Walleye Trading denies the allegations set forth in paragraph 16 of the Complaint except admits that the Agreement provides that it shall be construed and interpreted in accordance with the law of the State of Minnesota and does not provide

that all disputes under the Agreement be exclusively resolved in Minnesota courts.

    17.  Walleye Trading admits the allegations set forth in paragraph 17 of the Complaint.

    18.  Walleye Trading denies the allegations set forth in paragraph 18 of the Complaint.

    19.  Walleye Trading denies the allegations set forth in paragraph 19 of the Complaint.

    20.  Walleye Trading denies the allegations set forth in paragraph 20 of the Complaint.

    21.  Walleye Trading denies the allegations set forth in paragraph 21 of the Complaint.

    22.  Walleye Trading denies the allegations set forth in paragraph 22 of the Complaint.

    23.  Walleye Trading admits the allegations set forth in paragraph 23 of the Complaint.

    24.  Walleye Trading denies that it separates the functions of IT employees, and Walleye Trading otherwise does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 24 of the Complaint.

    25.  Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 25 of the Complaint.

26. Walleye Trading admits that James D. Kremer sent a letter dated August 10, 2007 to Walleye Trading but refers the Court to such letter for the contents thereof and otherwise denies the allegations set forth in paragraph 26 of the Complaint.

27. Walleye Trading denies the allegations set forth in paragraph 27 of the Complaint.

28. Walleye Trading admits that its counsel sent a letter dated August 14, 2007 to Eisner's counsel but refers the Court to such letter for the contents thereof and otherwise denies the allegations set forth in paragraph 28 of the Complaint.

29. Walleye Trading admits that its counsel sent a letter dated August 14, 2007 to counsel for D. E. Shaw & Co., L.P. but refers the Court to such letter for the contents thereof and otherwise denies the allegations set forth in paragraph 29 of the Complaint.

30. Walleye Trading denies the allegations set forth in paragraph 30 of the Complaint.

31. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 31 of the Complaint.

## COUNT I

### Declaratory Judgment

32. Walleye Trading repeats and realleges its responses to the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33. Walleye Trading does not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 33 of the Complaint.

34. Walleye Trading denies the allegations set forth in paragraph 34 of the Complaint.

35. Walleye Trading denies the allegations set forth in paragraph 35 of the Complaint.

36. Walleye Trading denies the allegations set forth in paragraph 36 of the Complaint.

37. Walleye Trading denies the allegations set forth in paragraph 37 of the Complaint.

## COUNT II

### Injunctive Relief

38. Walleye Trading repeats and realleges its responses to the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. Walleye Trading denies the allegations set forth in paragraph 39 of the Complaint.

40. Walleye Trading denies the allegations set forth in paragraph 40 of the Complaint.

41. Walleye Trading denies the allegations set forth in paragraph 41 of the Complaint.

42.     Walleye Trading denies the allegations set forth in paragraph 42 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      By his actions, Eisner has ratified the terms of the Agreement and is estopped from contesting its enforceability.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Eisner's complaint fails to state a cause of action upon which a claim for relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      The place of trial of this action is set without due regard for the convenience of the parties, witnesses and availability of evidence and constitutes a <u>forum non conveniens</u> that requires that the action be tried in another jurisdiction.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Eisner is not entitled to equitable relief by virtue of his "unclean hands."

## JURY DEMAND

Defendant demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable of right by a jury.

WHEREFORE, defendant Walleye Trading respectfully demands judgment dismissing plaintiff Eisner's complaint together with defendant's costs and disbursements.

Dated:  New York, New York
        October 16, 2007

                                        ROTTENBERG LIPMAN RICH, P.C.


                                        By:    /s/ Harry W. Lipman
                                               Harry W. Lipman (HL 4207)
                                               Thomas E. Chase (TC 8266)
                                        369 Lexington Avenue, 16th Floor
                                        New York, NY 10017
                                        (212) 661-3080
                                        Attorneys for Defendant, Walleye Trading
                                        Advisors, LLC