ROTTENBERG LIPMAN RICH, P.C.
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
Harry W. Lipman (HL 4207)
Thomas E. Chase (TC 8266)
Attorneys for Defendant, Walleye Trading Advisors, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DANIEL EISNER,

                Plaintiff,

            -against-

WALLEYE TRADING ADVISORS, LLC

                Defendant.
------------------------------------------------------------ X

07 CIV 7837 (AKH)

FIRST REQUEST FOR
PRODUCTION OF
DOCUMENTS

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of the Civil Rules of this Court (and incorporating the definitions of the latter by reference), defendant, Walleye Trading Advisors, LLC ("Defendant"), demands that, pursuant to the instructions below, plaintiff, Daniel Eisner ("Plaintiff"), produce within thirty days of the service of this First Request for the Production of Documents and Things at the offices of Rottenberg Lipman Rich, P.C., 369 Lexington Avenue, Sixteenth Floor, New York, New York 10017, the documents described below. As an alternative to appearing and producing the requested documents as specified above, Defendant will accept photocopies thereof if said photocopies are received by Defendant's counsel within thirty days of service hereof.

1. All documents concerning Plaintiff's applications for employment in or around summer 2005, including but not limited to documents concerning Plaintiff's efforts to obtain employment at Defendant.

2. All documents relating to the agreement entitled Confidential Employment, Non-Competition, Non-Solicitation, and Non-Disclosure Agreement" dated June 22, 2005, by and between Plaintiff and Defendant (the "Agreement").

3. Document sufficient to show, with respect to each of the businesses described immediately below, the nature of the business, the number of employees, and gross revenue and profit for 2004 to date:

   a. 3 Robots, LLC

   b. ThroughPut, Inc., and

   c. Any other business with which Plaintiff has had an ownership interest.

4. Documents sufficient to show Plaintiff's income and sources of income from 2004 to date.

5. Document concerning Plaintiff's employment at the Securities Industry Automation Corporation ("SIAC"), including documents concerning the nature of the work Plaintiff performed for SIAC, Plaintiff's duties and responsibilities at SIAC, Plaintiff's reputation at SIAC, termination from SIAC, and compensation at SIAC.

6. All drafts and final versions of Plaintiff's resumes from 2001 to date.

7. All documents reflecting any licenses, degrees, certifications, training, course work, seminars or continuing education that Plaintiff has received or participated in.

8. All documents relating to Plaintiff's employment by Defendant, including, but not limited to, all business-related emails sent or received by Plaintiff, all proposals prepared or reviewed by Plaintiff, all instruction manuals maintained or reviewed by Plaintiff, all communications between Plaintiff and any other employee of Defendant, all communications between Plaintiff and any outside vendor or consultant and all documentation or forms completed by Plaintiff and submitted to any securities exchange.

9. All document that Plaintiff removed or copied, whether physically, electronically or by any other means, from Defendant.

10. All calendars (computerized or not) or other documents reflecting meetings or any communications concerning Defendant or Plaintiff's prospective employment or business opportunities, since January 1, 2007.

11. All documents, including phone records or records of text messaging, reflecting communications concerning Defendant or Plaintiff's prospective employment s or business opportunities, from January 1, 2007.

12. All documents concerning any description of Plaintiff's work, duties or responsibilities at Defendant.

13. All document concerning Plaintiff's efforts to find employment with any employers other than Shaw since Plaintiff commenced employment with Defendant, or concerning any communications with employers other than Defendant since Plaintiff commenced employment with Defendant, including but not limited to all communications with recruiters and prospective employers (including but not limited to D. E. Shaw & Co., L.P. ("Shaw")), and documents relating to any interviews with prospective employers.

14. All documents relating to Plaintiff's employment at Shaw, including but not limited to documents relating to Shaw's offer(s) to Plaintiff; agreements signed with Shaw or in connection with applying for employment at, or being hired by Shaw; Plaintiff's anticipated duties and responsibilities at Shaw; the number of employees reporting to Plaintiff at Shaw; and Plaintiff's compensation structure at Shaw.

15. All documents concerning communications with Shaw or any other prospective employer concerning the Agreement.

16. All documents concerning to the harm or damage Plaintiff will allegedly suffer if Plaintiff is prevented from working for D.E. Shaw or any other employer by reason of the Employment Agreement entered between Plaintiff and Defendant.

17. All documents concerning Plaintiff's allegation, in paragraph 40 of his complaint in this action, that he will be unemployable or forced to accept a position with less seniority, if he cannot work for Shaw or a comparable financial services firm for two years.

18. All documents concerning the terms of Plaintiff's retention of any lawyers or law firms to advise or represent him in this or any related action, particularly concerning the financial arrangements with regard to such retention(s).

INSTRUCTIONS

1. Unless otherwise specified, the foregoing requests seek production of documents created on or after January 1, 2004 to the present.

2. All terms used above, including but not limited to "document," "communication," and "concerning," shall have the meaning defined by Local Civil Rule 26.3 of the Civil Rules of this Court.

3. The foregoing requests are continuing and require supplemental production of documents to the extent that documents are created or otherwise come into Plaintiff's possession, custody or control after the date of production and before the trial herein.

4. The foregoing requests apply to documents and things in Plaintiff's actual or constructive possession, including documents in the possession of any attorney, accountant, bank, advisor or other person or entity over which Plaintiff has influence or control.

5. Plaintiff shall provide a particularized response to each of the foregoing requests identifying all responsive documents by Bates number.

6. If any responsive document is withheld on the basis of a claim of privilege, Plaintiff shall provide a detailed description of each such document and an explanation of the basis of Plaintiff's claim of privilege.

7. If Plaintiff objects to any of the foregoing requests on the ground that the request is overly broad, ambiguous or burdensome, Plaintiff shall state the basis of their objection with particularity and produce all responsive documents to the extent that such documents are not subject to the particularized objection.

8. Plaintiff shall produce responsive documents as they are stored in the ordinary course together with any such information as may identify the source of the documents,

including, as appropriate, the person, office, branch, division, entity or other location that is the source of the document or category of documents.

Dated: New York, New York
      October 16, 2007

                              ROTTENBERG LIPMAN RICH, P.C.

                              By: _____
                                    Harry W. Lipman (HL-4207)
                                    Thomas Chase (TC-8266)
                            369 Lexington Avenue, Fifteenth Floor
                            New York, New York 10017
                            Attorneys for Defendant Walleye Trading
                            Advisors, LLC

ROTTENBERG LIPMAN RICH, P.C.
369 Lexington Avenue, 16th Floor
New York, New York 10017
(212) 661-3080
Harry W. Lipman (HL 4207)
Thomas E. Chase (TC 8266)
Attorneys for Defendant, Walleye Trading Advisors, LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
DANIEL EISNER,

                Plaintiff,

           -against-

WALLEYE TRADING ADVISORS, LLC

               Defendant.
-------------------------------------------------------------------- X

07 CIV 7837 (AKH)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF NEW YORK  )

        Andrew Rushford, being duly sworn, deposes and says that deponent is a disinterested party, is over 18 years of age, and resides in Nassau County, New York. That on the 16th day of October, 2007, deponent served the within FIRST REQUEST FOR PRODUCTION OF DOCUMENTS by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York to the individuals listed below, addressed as follows:

        McDermott Will & Emory
        340 Madison Avenue
        New York, New York 10173-1922
        Attn: Terri L. Chase, Esq.

                                                                   Andrew Rushford

Sworn to before me this
16th day of October, 2007

Notary Public
CHARLES S. RICH
Notary Public, State of New York
No. 02RI6087673
Qualified in New York County
Commission Expires February 24, 2011